J. G. Fredeking v. Commissioner.
Fredeking v. Commissioner
Docket No. 110082.
United States Tax Court
1943 Tax Ct. Memo LEXIS 72; 2 T.C.M. (CCH) 920; T.C.M. (RIA) 43464; October 21, 1943
*72 Theodore B. Benson, Esq., 201 Normandy Bldg., Washington, D.C., for the petitioner. Ralph E. Smith, Esq., for the respondent. SMITH Memorandum Opinion SMITH, Judge: The Commissioner has determined deficiencies in petitioner's income tax for 1938 and 1939 in the amounts of $2,043.96 and $1,825.58, respectively. The only question in issue is whether petitioner is taxable on all of the earnings from an oil agency business in which he claims to have assigned a one-half interest to his wife under a partnership agreement. [The Facts] Petitioner is a resident of Hinton, West Virginia. He filed his income tax returns for 1938 and 1939 with the collector of internal revenue for the district of West Virginia. During the taxable years petitioner conducted several different businesses in Hinton and nearby localities. He held agencies under three separate contracts with the Standard Oil Company of New Jersey for the distribution of oil and gasoline and related products. One of these "bulk plants" was located at Hinton, one at Rainelle, and one at Ronceverte. He also operated two moving picture theatres, a jewelry store, an ice business, and an insurance business, all located in Hinton. He *73 maintained an office at Hinton in which he regularly employed two men and a girl. The jewelry business, the ice business, one of the theatres, and the oil plants at Hinton and Rainelle were all conducted in the form of partnerships. All of the services required in the conduct of each business were performed by petitioner or his employees and the other partners contributed no services. In each of the contracts with the Standard Oil Company petitioner was named as the sole agent and was entitled to receive all of the commissions on the products sold. Under date of February 1, 1938, petitioner executed an instrument purporting to assign to his wife a one-half interest in the oil agency business at Ronceverte. The instrument reads as follows: The assignment between Julian G. Fredeking, party of the first part and Nell Fredeking, party of the second part, is made on February 1st, 1938. WITNESSETH: The party of the first part hereby does deed and assign to the party of the second part, a one-half undivided interest in the business operated by the party of the first part known as J. G. Fredeking, Ronceverte, which is a Commission Agency for the Standard Oil Company of New Jersey. This *74 assignment carries with it a one-half undivided interest in the assets of the business which consists of trucks, tank wagons, cars and cash on hand and in bank and liabilities also. This assignment also includes a right to one-half of the profits of the business for the entire year 1938 and all subsequent years, that the Agency may operate. No guarantee is made as to profits, and it is understood that the party of the second part shall share in losses as well as profits. It is understood that this assignment shall result in the partnership of J. G. Fredeking and Nell Fredeking in this above $ named business. (Signed) J. G. Fredeking A check for $3,500 drawn on the First National Bank of Hinton by petitioner's wife, Nell Fredeking, and dated April 14, 1938, was deposited to the credit of petitioner in his account at that bank on April 16, 1938. Petitioner's wife had no estate of her own of any consequence prior to her marriage. She borrowed the funds against which the $3,500 check to petitioner was drawn from the First National Bank of Hinton on her personal note without any security. The loan was approved by a committee of four of the bank's officers which included petitioner's *75 brother, W. T. Fredeking, as active vice-president, and petitioner as inactive vice-president. The bank's president and cashier were the other two members. Petitioner himself did not vote on the loan. The amount of $3,500 represented approximately one-half of the estimated value of the assets of the business at Ronceverte which consisted of three trucks, one passenger automobile, and $3,364 cash in bank. All commission checks from the Standard Oil Company on the business of the Ronceverte plant were deposited in petitioner's account with The National Bank of Summers at Hinton. This account stood in petitioner's name individually until about 1938 when it was changed to "Fredeking & Fredeking." Petitioner has always made all of the withdrawals from the account. There were three regular employees at the Ronceverte plant, a manager and two truck drivers. They were employed by petitioner and were paid regular weekly salaries by him. All commissions received from the Standard Oil Company under the agency contract were paid to the petitioner individually each month and all disbursements in connection with the business were paid by petitioner's checks issued at his Hinton office. Petitioner *76 contributed only a small amount of his time to the business at Ronceverte. This consisted mostly of procuring new customers for the products sold. His wife performed no services on behalf of the business. Partnership returns were filed for the Ronceverte business for 1938 and 1939 in the name of "J. G. and Nell Fredeking" showing net earnings of $16,245.06 in 1938 and $15,556.63 in 1939. There were cash withdrawals of $17,250 in 1938 and $16,950 in 1939 of which petitioner's wife received $10,750 in 1938 and $14,550 in 1939. These funds were all withdrawn by checks drawn by petitioner. The funds received by petitioner's wife in 1938 were used in part to pay off her note for $3,500 at the First National Bank of Hinton. Petitioner and his wife filed separate income tax returns for 1938 and 1939 in which each reported one-half of the net earnings of the Ronceverte business. The Commissioner has determined that there was no partnership between the petitioner and his wife during the years 1938 and 1939 and that all of the earnings of the alleged partnership for those years are taxable to petitioner individually. [Opinion] The evidence shows very plainly that the so-called partnership *77 arrangement between petitioner and his wife was nothing more than "another of those efforts to make future returns from personal services taxable to some one other than the real earner of them." Schroder v. Commissioner, 134 Fed. (2d) 346. The agency contract was between the Standard Oil Company of New Jersey and the petitioner solely. His wife was never made a party to the contract. There was in fact no partnership agreement between petitioner and his wife in respect of the business. The instrument of February 1, 1938, merely purports to assign to the wife a one-half interest in the business, including the assets as well as the profits to be derived from the business. While the instrument does provide that "It is understood that this assignment shall result in the partnership of J. G. Fredeking and Nell Fredeking in this above named business," petitioner's wife was not a party to the agreement and we do not known what, if anything, she "understood" about it. Our views would not be different, however, even if there had been a compliance with all of the formalities of creating a valid partnership; when the only apparent purpose of the undertaking *78 was merely to avoid taxes. Cf. Schroder v. Commissioner, supra, Francis Doll, 2 T.C. 276. Petitioner's wife contributed no services to the business nor did she contribute any funds of her own, unless the amount which she borrowed from the bank and deposited in petitioner's account, ostensibly as payment for an interest in the business, should be regarded as a contribution to partnership capital. The circumstances of that transaction emphasize the supriousnes of the petitioner's whole contentions. We sustain the Commissioner's determination that petitioner is taxable individually on all of the profits derived during the taxable years from the operation of the oil agency business at Ronceverte. Decision will be entered for the respondent.